After the coming in of the answer of the defendants, the Clerk of the Superior Court appointed one Commissioner, and the plaintiff and defendants respectively appointed each a commissioner, to assess the damage, if any, in accordance with the provisions of chap. 158, Acts of 1868-'69.
The Commissioners after due notice to the parties, met upon the premises and heard evidence from both plaintiff and defendants, (561) and made their report to the Clerk of the Superior Court. The defendants excepted to said report:
1. In that the witnesses examined in the case before the Commissioners, were sworn by W.H. Simpson, Esq., one of the plaintiff's attorneys.
2. In that the evidence adduced in the case was not reduced to writing. *Page 435 
3. Because the report does not show that the Commissioners were sworn.
4. Because the report does not show that the witnesses were sworn.
6. Because one of the Commissioners, H.M. Houston, has not concurred in the report, and has refused to sign the same.
7. Because the Commissioners refused to admit evidence offered by the defendants, to contradict the material evidence of one William A. Gaddy, a witness, examined by the plaintiff.
8. In that the Commissioners declined to examine the parties to the proceeding.
The Clerk overruled all the Exceptions of the defendants, and approved the report of the Commissioners, from which the defendants appealed to the Superior Court, where his Honor, after argument, decided as follows:
It is considered that Exception 1 be overruled, (1.) Because as the law stood at the time of said examination, an Attorney at Law might hold a magistrate's commission. (2.) The Attorney referred to, took no part in the examination of the witnesses, nor in the trial before the Commissioners, but merely swore the witnesses in their presence, and at their request.
2d Exception overruled. Because it was not necessary that the evidence should be reduced to writing, nor is there any law requiring it.
3d Exception overruled. Because the proof is, and the Court so finds, that the Commissioners were all sworn, and the Court under the authority of law, relating to special proceedings, chap. 93, sec. 7, Acts of 1868-'69, directs the report of the Commissioners to (562) be amended by supplying omissions.
4th Exception overruled. For reason assigned in overruling Exception 3.
5th Exception withdrawn.
6th Exception overruled. Because the Court considers the report of the majority of the Commissioners, as the report of the Commissioners. Rev. Code, Chap. 108, sec. 2.
7th Exception overruled. Because the proof is, and the Court so finds, that the evidence offered to contradict the statement of one Wm. A. Gaddy, was offered, before Gaddy was offered as a witness, and was not renewed after Gaddy was examined. *Page 436 
8th Exception overruled. Because the proof is, and the Court so finds, that neither of the parties proposed either to examine each other, or to be examined.
It is further considered by the Court, that the reports of the Commissioners awarding, etc., be affirmed, etc. From which the defendants appealed.
We have considered the various exceptions filed by the defendants, and concur in the opinion of his Honor.
The 6th Exception was the only one insisted upon by the counsel in this Court. Under the Act of 1868-'69, a person injured by the erection of a public mill, is entitled to have his damages assessed by three Commissioners, appointed in the manner prescribed in said Act.
There is no provision in the Act requiring all the Commissioners to concur in the report; and the action of a majority is sufficient, as in other cases, where three or more public officers, or other persons are entrusted with the exercise of joint authority. Rev. Code, Chap. 102, sec. 2.
Per Curiam.
Judgment affirmed.
Cited: Ballard v. Charlotte, 235 N.C. 488.
(563)